BRIAN J. WHITE  Bar No. 155198
Attorney at Law
4320 Iowa Street
San Diego, CA 92104
Telephone: (619) 280-8022
Facsimile: (619) 280-8023

Attorney for Defendant,
JOSE ASTORGA-ESPINOZA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. MICHAEL M. ANELLO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSE ASTORGA-ESPINOZA,<br><br>　　　　Defendant. | Case No. 09 CR 0902-MMA<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO:<br>1) COMPEL DISCOVERY; AND<br>2) LEAVE TO FILE FURTHER MOTIONS<br><br>Date:　April 17, 2009<br>Time:　1:30 p.m. |

## 1. Statement of the Facts.

At the time of the filing of these motions, the government has provided limited discovery to the defense. As such, a statement of facts cannot be provided.

## 2. The Court should compel the Government to Produce Discovery.

Astorga-Espinoza makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989).

1    (1) <u>Astorga-Espinoza's Statements</u>.  The government must disclose:  (1) copies of any written

2    or recorded statements made by Astorga-Espinoza; (2) copies of any written record containing the

3    substance of any statements made by Astorga-Espinoza; and (3) the substance of any statements

4    made by Astorga-Espinoza which the government intends to use, for any purpose, at trial.  *See*

5    Fed. R. Crim. P. 16(a)(1)(A).

6    (2) <u>Astorga Espinoza's Prior Record</u>.  Astorga-Espinoza requests disclosure of his prior record.

7    *See* Fed. R. Crim. P. 16(a)(1)(B).

8    (3)  <u>Documents and Tangible Objects</u>.  Astorga-Espinoza requests the opportunity to inspect,

9    copy, and photograph all documents and tangible objects which are material to the defense or

10   intended for use in the government's case-in-chief or were obtained from or belong to him. *See*

11   Fed. R. Crim. P. 16(a)(1)(C).

12   (4) <u>Reports of Scientific Tests or Examinations</u>.  Astorga-Espinoza requests the reports of all

13   tests and examinations which are material to the preparation of the defense or are intended for use

14   by the government at trial.  *See* Fed. R. Crim. P. 16(a)(1)(D).  Astorga-Espinoza notes that no

15   fingerprint analyses have been produced.  If such analyses exist, Astorga-Espinoza  requests a

16   copy.

17   (5)  <u>Expert Witnesses</u>.  Astorga-Espinoza requests the name and qualifications of any person

18   that the government intends to call as an expert witness.  *See* Fed. R. Crim. P. 16(a)(1)(E).  In

19   addition, Astorga-Espinoza requests written summaries describing the basis and reasons for the

20   expert's opinions.  *See id.*  This request specifically applies to any fingerprint and handwriting

21   experts that the government intends to call.

22   (6) <u>Brady Material</u>.  Astorga-Espinoza requests all documents, statements, agents' reports, and

23   tangible evidence favorable to the defendant on the issue of guilt or punishment.  *See Brady v.*

24   *Maryland,* 373 U.S. 83 (1963).

25   In addition, impeachment evidence falls within the definition of evidence favorable to the

26   accused, and therefore Astorga-Espinoza requests disclosure of any impeachment evidence

27   concerning any of the government's potential witnesses, including prior convictions and other

28   evidence of criminal conduct.  *See United States v. Bagley,* 473 U.S. 667 (1985); *United States*

*v. Agurs*, 427 U.S. 97 (1976). In addition, Astorga-Espinoza requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(7)   Request for Preservation of Evidence.   Astorga-Espinoza specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8)   Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b).  Fed. R. Evid. 404(b).  Astorga-Espinoza requests such notice three weeks before trial in order to allow for adequate trial preparation.

(9)   Witness Addresses.  Astorga-Espinoza requests the name and last known address of each prospective government witness.  He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

(10)   Jencks Act Material.  Astorga-Espinoza requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(3).

(11)   Residual Request.  Astorga-Espinoza intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.   Astorga-Espinoza requests that the government provide him and his attorney with the above-requested material sufficiently in advance of trial.

### 3.   The Court Should Grant Leave to File Further Motions.

At the time of the filing of these motions, the government has provided limited discovery to the defense.  The defense is therefore unable to evaluate the status of the evidence and any other further motions that may be necessitated by virtue of the discovery that will be produced. Therefore, Astorga-Espinoza respectfully requests the court to grant him leave to file additional motions as necessary.

### 4.   Conclusion

For the foregoing reasons, Astorga-Espinoza respectfully requests that the Court grant his motions.

Respectfully submitted,

Dated: March 16, 2009                    /s/ Brian J. White
                                         BRIAN J. WHITE Attorney for
                                         Defendant JOSE ASTORGA-ESPINOZA